**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0465, <u>Robert L. Benjamin v. Vatche Manoukian & a.</u>, the court on March 24, 2017, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Vatche Manoukian and Linda Haytayan, appeal an order of the Superior Court (<u>Ignatius</u>, J.) clarifying a previous order of the trial court (<u>McGuire</u>, J.) directing the defendants <u>each</u> to make separate periodic payments in the amount of $1,500.00 per month to the plaintiff, Robert L. Benjamin, "until the debt is paid in full." We construe their brief to argue that: (1) the successful breach of contract action that the plaintiff brought against them for failing to meet their obligations under a settlement agreement is the "same case" as that in which the settlement agreement was executed and, therefore, the order on periodic payments for the breach of contract judgment "merely mirrors" the settlement agreement; (2) although the plaintiff moved for separate periodic payments from each defendant, "[t]here is one case here, with one judgement [sic] amount [due from] the Defendants jointly and severalty [sic]"; (3) the defendants "each filed separate motions to reduce the periodic payment amount because they were each responding to the separate motions that were filed by the Plaintiff"; (4) the plaintiff's attorney made unspecified "deceptive representation[s] of truths and facts" to the trial court; (5) separate judgments were entered against each defendant in the breach of contract action because defendant Haytayan had filed for bankruptcy protection; (6) defendant Haytayan stipulated to her obligation to pay $1,500.00 per month because "she did not want to be held in contempt or incarcerated"; (7) our order in the prior appeal of the trial court's periodic payment order stated that "the evidence supports the court's finding that the defendants have the ability to pay the plaintiff $1,500 per month;" and (8) the breach of contract action in which the defendants were each ordered to make periodic payments has one docket number.

As the appealing parties, the defendants have the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the defendants' challenges to it,

the relevant law, and the record submitted on appeal, we conclude that the defendants have not demonstrated reversible error.  See id.

Affirmed.

Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**